IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROY R. PIERCE                                                                         PLAINTIFF

V.                      Civil No. 3:21-cv-03073-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                    DEFENDANT

**FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his applications for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and the parties having waived oral argument, finds as follows:

Consistent with the Court's ruling from the bench, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court agrees that the ALJ's RFC determination is not substantially supported by the overall record. The medical evidence documents a history of chronic hip, neck, and lower back pain status post bilateral hip replacement due to avascular necrosis; C5-6 level anterior diskectomy with fusion surgery; and x-rays documenting degenerative changes at the L3-4 and L4-5 levels. At the administrative hearing, the ALJ admitted that further development of the record was warranted and left the record open for the Plaintiff to obtain additional medical and/or opinion evidence from treating sources.

In December 2020, only two weeks after the ALJ entered his opinion, Plaintiff's treating medical practitioner, Advanced Practice Registered Nurse ("APRN") Brandi Sharp, completed a medical source statement that contradicts the ALJ's determination that the Plaintiff can perform a full range of light work.  This assessment is consistent with Plaintiff's treatment and surgical history, and contrary to the Appeals Council's finding, we believe that it would have impacted the ALJ's decision had it been in the record on November 30, 2020.  Accordingly, we find that remand is necessary to allow the ALJ to consider APRN Sharp's MSS.  On remand, the ALJ should also order consultative orthopedic and neurological exams to determine the full impact of Plaintiff's combination of impairments on his ability to perform a full range of light work, paying specific attention to his ability to sit, stand, walk, bend, crouch, crawl, balance, climb, reach, fine manipulate, and grasp.

IT IS SO ORDERED AND ADJUDGED on this the 10th day of February 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE